# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CR419-116 |
| ) | |
| RICHARD BRITTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Sixth Amendment to the Constitution guarantees a criminal defendant's right to conflict-free representation. *See, e.g., Holloway v. Arkansas*, 435 U.S. 475, 482 (1978). Cameron Kuhlman, who was appointed to represent Britton in this case, informed the Court of a potential conflict of interest arising from another attorney in his firm's representation of a defendant in a different, but factually related criminal matter. *See* doc. 17. On September 23, 2019, the Court held a hearing on the motion.

"Although the Sixth Amendment guarantees counsel, it does not grant defendants the unqualified right to counsel of their choice." *United States v. Garey*, 540 F.3d 1253, 12653 (11th Cir. 2008) (*en banc*). If, however, a defendant shows "good cause," substitute counsel may be appointed. "Good cause" includes, among other lesser problems, a conflict

of interest between counsel and his client. *Id.* In circumstances where the conflict presented might be waivable by the client, pursuant to the applicable ethical rules, the Court must thoroughly investigate the defendant's waiver, and "follow[ing] a procedure akin to that promulgated in F. R. Crim. P. 11," permit the conflicted counsel to remain only if it concludes the waiver is knowing and voluntary. *United States v. Garcia*, 517 F.2d 272, 277-8 (5th Cir. 1975)[1]; *see also United States v. Zajac*, 677 F.2d 61, 63 (11th Cir. 1982) (discussing procedure, under to *Garcia*, for evaluating a defendant's waiver of his right to conflict-free counsel).

At the hearing, the Government informed the Court of factual relationships, not apparent on the faces of the relevant indictments, between its case against Britton and its case against Shannon Clancy, CR419-117. Defense counsel informed the Court of his concerns that the defendants' interests were opposed, based on his preliminary discussions with the Government. Another attorney in Mr. Kuhlman's firm, Dwight Feemster, currently represents Clancy. Based on the factual overlap and the tenor of preliminary discussions with the Government, defense

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting decisions of the former Fifth Circuit handed down before October 1, 1981).

counsel informed the Court that he concluded his continued representation of Britton presented a non-waivable conflict of interest. Britton expressed his understanding of the matter and his desire, even if waiver of the conflict might be possible, to proceed with new counsel. Given the unanimous agreement and facts proffered by the Government and defense counsel, the Court finds that Mr. Kuhlman's continued representation of Britton presents a conflict of interest.  His motion to withdraw is, therefore, **GRANTED**.  Doc. 17.

Given the Court finding, above, that a conflict of interest exists in Mr. Kuhlman's continued representation of Britton and that there is good cause to appoint substitute counsel, the question of Britton's knowing and intelligent waiver of his right to conflict-free counsel is moot.  Based on Mr. Kuhlman's oral motion to extend the time for filing pretrial motions to allow new counsel, when appointed, to familiarize himself with the case and prepare such motions, the Court finds that the ends of justice in granting such an extension outweigh the best interest of the public and defendant in a speedy trial.  Accordingly, the deadline for

defendant to file pretrial motions is extended until 45 days after Britton's new counsel enters an appearance in this case.

**SO ORDERED,** this 23rd day of September, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA